IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VTT TECHNICAL RESEARCH CENTRE OF FINLAND LTD., § § § *Plaintiff,* § § v. § § TELEDYNE FLIR, LLC, and TELEDYNE § TECHNOLOGIES INCORPORATED, § § *Defendants.* § | | Civil Action No. 25-348 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff VTT Technical Research Centre of Finland LTD. ("VTT") filed this patent infringement lawsuit alleging that defendants Teledyne Flir, LLC, and Teledyne Technologies Incorporated (collectively, "Teledyne") infringe United States Patent No. 8,063,369 ("the '369 patent"). Dkt. No. 1. Following a first motion to dismiss, Dkt. No. 15, VTT filed an amended complaint, Dkt. No. 19. Teledyne has again moved to dismiss VTT's allegations of infringement. Dkt. No. 20. For the reasons set forth below, Teledyne's motion is denied.

**I.   Background**

The following background is based on the factual allegations set forth in VTT's first amended complaint, which I accept as true for purposes of this motion. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). The '369 patent is generally directed to circuit architecture designed to improve the accuracy of thermal imaging systems. Teledyne develops and sells infrared imaging products that rely on microbolometer technology. Dkt. No. 19 at ¶ 7. Those products include the Boson and Boson+ thermal camera modules. *Id.* at ¶ 42. VTT identifies the Boson and Boson+ as accused products, although VTT alleges that other, currently

1

unknown Teledyne products might infringe the patent as well. *Id.* VTT alleges that it conducted a technical evaluation of the Boson and Boson+ products to determine that they infringe the '369 patent, and subsequently, on June 18, 2024, VTT sent a notice letter to Teledyne's general counsel informing Teledyne of the '369 patent and VTT's theory of infringement. *Id.* at ¶ 29. VTT alleges that the notice letter included analysis of a figure that appears in U.S. Patent No. 11,012,647 ("the '647 patent"), owned by Teledyne. According to VTT, the figure ("Figure 2A") depicts the allegedly infringing functionality. *Id.* at ¶ 30. In the complaint, VTT alleges on information and belief that the Boson and Boson+ products incorporate the functionality disclosed in Figure 2A, based in part on the fact that Teledyne virtually marks the Boson product with the '647 patent and the fact that the Boson+ product is a later iteration of the Boson product. *Id.*

VTT alleges that Teledyne Flir was aware of the '369 patent even before the June 18, 2024, notice letter because on March 26, 2020, Teledyne Flir cited the '369 patent in an Information Disclosure Statement submitted during the prosecution of the patent application that led to the issuance of the '647 patent. *Id.* at ¶ 26. VTT alleges that when Teledyne Technologies acquired Teledyne Flir in 2021, Teledyne Technologies also acquired knowledge of the '369 patent. *Id.* at ¶ 27.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted." The Third Circuit has instructed district courts to conduct a "two-part analysis" in evaluating a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the district court must separate the factual and legal elements of the claims. *Id.* The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210–11.

Second, the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## III. Discussion

Teledyne challenges the sufficiency of VTT's direct infringement allegations and its willfulness allegations. Teledyne also argues that given the deficiencies in VTT's direct infringement allegations and its willfulness allegations, VTT's indirect infringement allegations should be dismissed as well.

### A. Direct Infringement

Applying the *Iqbal*/*Twombly* pleading standard, the Federal Circuit has explained that a complaint must include "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). But the court has cautioned that "[t]he level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id*.

Teledyne first argues that VTT has failed to meet that standard because VTT bases its infringement allegations on Figure 2A of the '647 patent rather than basing its allegations on an analysis of the accused products. Dkt. No. 21 at 5. The flaw in VTT's approach, Teledyne argues, is that VTT has not established a sufficient factual basis for its assertion that the Boson and Boson+ products practice Figure 2A of the '647 patent. *Id.* Teledyne asserts that once the allegations regarding Figure 2A are discarded, there are no remaining factual allegations to support VTT's infringement theory. *Id.* at 6.

3

VTT responds that it is plausible to infer that the Boson and Boson+ products practice Figure 2A because the Boson product is virtually marked with the '647 patent, in which Figure 2A is found. Dkt. No. 24 at 9. VTT also explains that it identified Figure 2A as support for its infringement allegations in its notice letter to Teledyne, yet Teledyne never disputed that its products practice Figure 2A. *Id*. Teledyne responds to VTT's allegation about the virtual marking of the Boson product by arguing that there is no requirement that a product practice each embodiment of a patent before it can be marked as protected by the patent. Dkt. No. 21 at 6. In response to VTT's allegations that Teledyne has not denied that the products practice Figure 2A, Teledyne argues that it is not Teledyne's burden to dispute an infringement theory but is VTT's responsibility to obtain and analyze an accused product before initiating infringement litigation. Dkt. No. 25 at 4–5.

First, I agree that given the patent marking allegation, it is plausible to infer that the Boson product practices the '647 patent, and in particular Figure 2A of that patent, which purports to depict circuitry used in the claimed invention of that patent. And given the allegation that the Boson+ product is an iteration of the Boson product, it is plausible to infer that the Boson+ product also practices the embodiment depicted in Figure 2A. Although Teledyne may end up being correct that the Boson and Boson+ products do not practice Figure 2A, reaching that conclusion now would require drawing inferences against VTT. Because at the motion-to-dismiss stage all inferences must be drawn in favor of the non-moving party, *see Santiago v. Warminster Twp.*, 629 F.3d 121, 135 (3d Cir. 2010), I conclude that VTT's reliance on the disclosures in Figure 2A as factual support for its infringement theory is sufficient to support its direct infringement claim.

Second, I disagree with Teledyne's argument that VTT should have acquired an accused product and analyzed the product itself in the complaint. Dkt. No. 25 at 3. Although analyzing

4

the accused product is often a preferable approach, "patentees need not prove their case at the pleading stage." *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 35 (Fed. Cir. 2024) (quoting *Bot M8*, 4 F.4th at 1346). Requiring VTT to acquire and analyze the product would improperly impose a heightened standard on VTT, especially given Teledyne's virtual marking and the correspondence that occurred between the two parties after VTT sent its notice letter but before VTT filed this lawsuit. To be sure, there may be instances in which acquiring and analyzing the accused product is necessary to state a claim of infringement, but in light of the other allegations relating to infringement, this is not one of those instances.[1] *See Bot M8*, 4 F.4th at 1353.

In the alternative, Teledyne argues that if the allegations involving Figure 2A are sufficient to plead infringement, the complaint must be supplemented. Teledyne explains that one of the references that is cited as prior art on the face of the '369 patent contains a figure that features components identical to those depicted in Figure 2A of the '647 patent. Dkt. No. 21 at 8. Teledyne argues that if Figure 2A infringes the '369 patent, the prior art figure would anticipate VTT's '369 patent. *Id.* VTT responds that Teledyne's argument raises claim construction issues and factual disputes that are not ripe for resolution at this stage of the litigation. Dkt. No. 24 at 11. I agree with VTT. Teledyne's argument requires that I conclude that Figure 2A has "material components" that are identical to those of the figure in the prior art reference; reaching that conclusion would require me to make factual determinations that I cannot make at this juncture.

Teledyne argues that it is not asking me to make factual determinations but rather is seeking "clarification" from VTT regarding VTT's infringement theory in view of the purported

---

[1] In its amended complaint, VTT alleges that it conducted "a technical evaluation of the Teledyne Defendants' thermal imaging products including the Boson and Boson+ camera modules." Dkt. No. 19 at ¶ 29. VTT, however, does not rely on that allegation in its opposition to the motion to dismiss, so I will not do so either.

anticipatory reference. Dkt. No. 25 at 5. But a motion to dismiss is not an appropriate vehicle for asking for such "clarification" of an infringement theory. Federal Rule of Civil Procedure 12(e) permits a defendant to ask for a more definite statement of a pleading when the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Teledyne has not argued that VTT's pleading is vague or ambiguous. Instead, Teledyne has asserted that VTT's infringement theory, if viable, will necessarily lead to invalidity problems for VTT. If Teledyne's argument has force, it can be developed through discovery and pretrial motions. It is not an appropriate subject for a motion to dismiss the complaint. Accordingly, I reject this argument and will deny Teledyne's request that I take judicial notice of the Patent and Trademark Office records that Teledyne asserts would support its theory. *See* Dkt. No. 23.

Finally, Teledyne takes issue with VTT's open-ended definition of the accused products. Dkt. No. 21 at 10. VTT responds that its definition is sufficiently detailed that it puts Teledyne on notice of what is accused, and that VTT is not required to identify each and every accused product in its complaint. Dkt. No. 24 at 13. Teledyne does not dispute that interpretation of the case law. *See* Dkt. No. 25 at 6 ("While it is true some decisions in this District hold that an exemplary list of products is sufficient at the pleading stage . . ."). Instead, Teledyne argues that VTT's exemplary list is inadequate because VTT has not offered "any allegations regarding how Defendants' products, rather than a distinct figure found in the prior art, allegedly infringe the '369 patent." *Id.* Accordingly, I understand Teledyne's argument regarding the definition of the accused products to rise and fall with its challenge to the sufficiency of VTT's allegations of direct infringement. *See id.* at 7 (asking that the court "reject VTT's attempt to offer an exemplary list of products, particularly where its underlying infringement theory fails to adequately allege that even one product practices the '369 patent's claims"). Because I have concluded that VTT's pleading of

direct infringement is sufficient, even though it relies on the disclosures in Figure 2A of the '647 patent, I reject Teledyne's argument that the complaint should be dismissed for insufficiently identifying the accused products. In sum, Teledyne's motion to dismiss is denied with regard to the direct infringement allegations.

### B. Knowledge of the Patents

To sufficiently allege willful infringement, a "complaint must allege that the accused infringer knew of the asserted patent, and knowingly or intentionally infringed the patent after acquiring that knowledge." *Robocast, Inc. v. Netflix, Inc.*, 640 F. Supp. 3d 365, 371 (D. Del. 2022) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378–79 (Fed. Cir. 2020)). In its amended complaint, VTT has alleged three theories for why Teledyne had knowledge of the '369 patent. First, the '369 patent was cited as prior art to a Teledyne patent. Second, VTT sent an infringement notice letter, and the parties engaged in subsequent correspondence. Third, Teledyne acquired knowledge of the patent and VTT's theory of infringement as a result of service of the original complaint. Teledyne argues that VTT has not adequately pleaded any of those theories. Dkt. No. 21 at 11.

First, Teledyne argues that even if it had knowledge of the '369 patent as a result of the prosecution of Teledyne's patent, knowledge of the existence of the '369 patent does not mean that Teledyne had knowledge that it potentially infringed the patent. Dkt. No. 21 at 12. While that may prove to be true, I find that VTT's allegations regarding the notice letter are sufficient for VTT's willful infringement theory to survive Teledyne's motion to dismiss. Accordingly, I need not decide whether a defendant's citing of a plaintiff's asserted patent during the defendant's prosecution of its own patent is sufficient to put the defendant on notice of infringement.

7

Regarding the notice letter, Teledyne argues that the letter and subsequent correspondence between the parties were too vague to put Teledyne on notice that it might be infringing the '369 patent. Dkt. No. 21 at 13. VTT responds by pointing out that Teledyne does not dispute that it received the 2024 notice letter and that the letter explained VTT's infringement theory, which was the same theory that is set out in the complaint. Dkt. No. 24 at 17. VTT argues that Teledyne's disagreement with the merits of VTT's infringement theory is not a basis for dismissal of the willful infringement allegations. *Id.* at 18.

I agree with VTT. As Teledyne acknowledges, the claim chart attached to VTT's notice letter set forth an infringement theory based on the disclosures in Figure 2A of the '647 patent. *See* Dkt. No. 25 at 9 (explaining that the claim chart "simply recited the general properties of microbolometers and relied solely on Figure 2A . . . in arguing infringement"). For the reasons set forth above, VTT's infringement theory, based on Figure 2A, is sufficient to survive a motion to dismiss. Accordingly, VTT's allegations regarding the notice letter, which asserted the same theory, is sufficient to state a claim for willful infringement.

Finally, in response to VTT's theory that Teledyne acquired knowledge of the patent and its possible infringement as a result of the filing of the original complaint, Teledyne cites *ZapFraud, Inc. v Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021), in which the district court held that a complaint cannot serve as the basis for a finding that the defendant had notice of the patents and the likelihood of infringement. Dkt. No. 21 at 14. Because I have concluded that VTT has adequately alleged presuit knowledge based on the notice letter it sent to Teledyne prior to the complaint, I need not rely on the service of the complaint as the sole source of Teledyne's knowledge of the patent. I note, however, that in previous cases I have held that a complaint can serve as notice of the asserted patent for purposes of claims of willful infringement.

See *CRH Med. Corp. v. MDE Med., LLC*, No. 25-95, 2025 WL 2506804, at *3 (D. Del. Sept. 2, 2025); *DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, 700 F. Supp. 3d 189, 202–03 (D. Del. 2023), and I continue to adhere to that position here.  Therefore, Teledyne's motion is denied with respect VTT's willful infringement theories.

### C. Indirect Infringement

Teledyne's argument for why VTT's indirect infringement claim should be dismissed is based on its argument that VTT has failed to adequately allege either direct infringement or knowledge.  Dkt. No. 21 at 14.  As explained above, I disagree with Teledyne's argument on both of those issues.  Accordingly, Teledyne's motion is denied with respect to VTT's indirect infringement claim.

IT IS SO ORDERED.

SIGNED this 5th day of September, 2025.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

9